# THE PEOPLE *v.* HENRY SCHWARTZ.

ACCESSORY TO CRIME.—Where a party is proceeded against as an accessory to a crime, it is better to indict him as an accessory than as a principal.

INDICTMENT OF ACCESSORY.—When one is indicted as an accessory to a crime, the acts of the defendant should be stated as fully in the indictment as they are in the statute.

INDICTMENT FOR BURNING A BUILDING INSURED.—An indictment for burning a

building insured against fire, with intent to defraud an insurance company, should aver that the company is a corporation, if such be the fact, or that it is a partnership composed of certain individuals, naming them, if such be the fact, and that the act was done with intent to injure and defraud them in their associate capacity.

IDEM.—A mere averment of a company name in an indictment for burning an insured building with intent to defraud, amounts, in a legal sense, to an entire absence of any averment as to the party intended to be injured.

PROOF OF INCORPORATION.—If the indictment avers that the company is a corporation, proof of the existence of the corporation *de facto* will support the averment.

APPEAL from the County Court, City and County of San Francisco.

The following is the indictment found in this case:

" Henry Schwartz is accused by the grand jury of the City and County of San Francisco, State of California, by this indictment, found on this 2d day of November, A. D. 1866, of the crime of arson in the second degree, committed as follows: That said Henry Schwartz, on the 29th day of August, A. D. 1866, at the city, county and State aforesaid, feloniously, wilfully and maliciously did aid, abet and assist, advise and encourage one Albert Selig to do and commit the crime of arson, as hereinafter set forth ; that on said 29th day of August, 1866, at said city and county, the said Albert Selig, by the advice, aid and assistance aforesaid of the said Henry Schwartz, did feloniously, wilfully and maliciously set fire to and burn a certain building situate on Mission street, between Eighteenth and Nineteenth streets, of the property of the said Albert Selig; the said building being then, to wit, at the time of the committing said felony, and at the time the said Henry Schwartz aided, abetted, assisted, advised and encouraged the said Albert Selig to commit the felony aforesaid, insured against loss and damage by fire, in the Phœnix Insurance Company, then doing business at said city and county, said company being legally established and doing business as aforesaid, with intent to injure, damage and defraud said insurance company, and with intent on the part of said Henry Schwartz to damage, injure and defraud said insurance company, con-

21

trary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California."

The defendant demurred to the indictment because:

First, It did not charge whether he was absent or present when he aided, abetted or assisted in the commission of the felony charged to have been committed by Albert Selig.

Second, That it did not charge whether he was present or absent when he advised or encouraged in the perpetration of said alleged crime.

Third, It did not charge that said insurance company was incorporated, or had a corporate or other name, or was capable of suing or being sued, or sufficiently charge that it was competent to do any insurance business, or suffer any damage or loss by reason of fire, or capable of being damaged or injured or defrauded.

The defendant was convicted and sentenced by the Court to the State Prison, and appealed.

The other facts are stated in the opinion of the Court.

*S. B. Axtell,* for Appellant.

This indictment does not advise the prisoner in ordinary and concise language of the facts of which he is accused. Either he was *present* as aider and abettor, or he was *absent* as an adviser, or accessory before the fact. While it is true that our statute makes him a principal in either case, it is submitted with confidence that the pleader ought to have stated what the actual fact was. It does not appear that this company is either a corporation, body politic, or private individual. The language of this Court in the case of *The People* v. *Patrick Hughes,* 29 Cal. 257, *implies* the correctness of our position that the indictment ought to state that the building was insured by a duly *incorporated* company, and that the intent was to cheat and defraud said *corporation.* (27 Vt. 772.)

*J. G. McCullough, Attorney-General,* for the People.

Under our law it was not necessary to state whether the defendant was present or absent. The District Attorney might have indicted the defendant as a principal. He saw fit to plead according to the actual facts, and the allegations are such that a man of common understanding can understand them. (*People* v. *King*, 27 Cal. 510; Crimes Act, Sec. 11; *People* v. *Hodges*, 27 Cal. 340.) The crime under the statute is the intent to defraud the actual insurers. This company may have been shown to be a voluntary association, by the proof, as said in the 27 Vt. 723, and *People* v. *Hughes*, 29 Cal. 260.

By the Court, SANDERSON, J.:

The defendant was indicted for the crime of arson in the second degree, under the seventh section of the Act of the 19th of April, 1856, which provides that "Every person who shall wilfully burn, or cause to be burned, any building, etc., * * * which shall be at the time insured against loss or damage by fire, with intent to injure or defraud such insurer, whether the same be the property of such person or any other, shall, upon conviction, be adjudged guilty of arson in the second degree and punished accordingly." (Statutes 1856, p. 132.)

He is charged as accessory, and the language of the indictment on that head is as follows: "That said Henry Schwartz on, etc., at, etc., feloniously, wilfully and maliciously did aid, abet and assist, advise and encourage one Albert Selig, etc." On the head of insurance and the intent to defraud the language of the indictment is that the "building at, etc., * * * was insured against loss and damage by fire in the Phœnix Insurance Company, then doing business at, etc., * * * said company being legally established and doing business as aforesaid, with intent to injure, damage and defraud said insurance company," etc.

The indictment was demurred to, in effect, upon the ground that in the parts above quoted there is a failure to state facts

sufficient to constitute the offense intended.    The demurrer was overruled, and we think erroneously.

Where a party·is proceeded against as an accessory it is better to pursue the course attempted in this case and charge him as such rather than as principal, because such a course, if not absolutely necessary, is certainly more consistent with our system of pleading, which favors a statement of the facts constituting the offense as near as may be, precisely as they occurred.    But care should be taken to state the acts of the defendant as fully as they are stated in the statute.    When that has been done there can be no question as to the sufficiency of the indictment on that score, as this Court has repeatedly held.    Now, without undertaking to say that this indictment is positively bad where it charges the acts which made the defendant an accessory, we think it is not in that ·respect what it ought to be.    It does not fully come up to the language of the statute which defines an accessory.    "An accessory is he or' she who stands by and aids, abets or assists; or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime."    (Act concerning crimes, Sec. 11.)    Here are two modes of action, either of which renders the actor an accessory.    If the former be the true one in a given case, let the indictment follow the statute and allege that the defendant " stood by, aided, abetted and assisted," etc., and so as to the latter.    If it be doubtful as to which of the two modes is the true one, let both be· charged, and all questions of variance between the allegations of the indictment and the testimony will then be avoided.

But passing this without further comment, we think the indictment bad on the second ground.

The one hundred and forty-eighth section of the Act concerning crimes and punishments provides that "When any intent to injure, defraud or cheat is required by law to be shown in order to constitute any offense, it shall be sufficient, if such intent be to injure, defraud or cheat the United States, this State or any other State, Territory or county, or the Government, or any public office thereof, or any county, city or

town, or any corporation, body politic or private individual."
Now, in order to make the indictment fit the statute and
respond directly to its requirements, it ought to allege that the
Phœnix Insurance Company is a corporation, if such is the fact,
or that it is a partnership, if such is the fact, composed of cer-
tain individuals, giving their names, and alleging that the act
was done with intent to injure and defraud them in their asso-
ciate capacity.   This rule is applicable to pleadings of all
kinds.   In this State it has been modified to some extent in
civil cases by the provision of the six hundred and fifty-sixth
section of the Practice Act, where two or more persons are
associated in business under a common name.   In such a case
they may be sued by the name under which they conduct their
business; but the modification of the rule goes no further and
has no application to cases like the present.   Had the one
hundred and forty-eighth section of the Act concerning crimes,
quoted above, included associations or partnerships, as such in
terms, it might be held to amount to a like modification of the
rule in this class of cases, and that therefore the description
given in this indictment of the party or parties intended to be
injured is sufficient, but it does not, and the case is therefore
left within the rule above stated.

There is no mistake in the name of the party intended to be
injured, as in *Hughes'* case (29 Cal. 257), and the case does not
therefore fall within the rule prescribed by the two hundred
and forty-third section of the Act concerning proceedings in
criminal cases, which provides that an erroneous allegation as
to the person intended to be injured shall not be deemed mate-
rial where the offense is described with sufficient certainty in
other respects to identify the act.   The vice here is more rad-
ical than that which the statute was intended to remedy.   It
amounts, in a legal sense, to an entire absence of any averment
as to the party intended to be injured, for the description is not
of a private individual or of private individuals under a com-
mon name, or of a corporation, or of a body politic, or of any
other parties named in the statute.

We cannot agree with the Attorney-General that the lan-

guage "said company being legally established," used in the indictment, is equivalent to an averment that the company is a corporation. On the contrary, it is no averment at all, in a legal sense, for it is not the averment of a fact, and tenders no issue.

Nor can we agree with him that it cannot be necessary to aver that the company is a corporation, because, as we held in *Hughes' case*, it would not be necessary to prove that the company was legally incorporated in order to support the averment. What a given averment should be, and what amount of proof will support it, are very different questions. (*State* v. *Mead*, 27 Vt. 722.) If such is the fact, it should be averred that the company is a corporation in order to satisfy the statute to which we have referred. That deing done, proof of the existence of the corporation *de facto* will be sufficient to support the averment under the rules of evidence as stated in *Hughes' case*.

This disposes of the case, and makes the consideration of other points unnecessary.

Judgment reversed and cause remanded.