[Crim. No. 1315.  First Appellate District, Division One.—December 16, 1926.]

## THE PEOPLE, Respondent, v. MARTIN McGOWAN, Appellant.

[1] CRIMINAL LAW—ATTEMPTED ROBBERY—REFUSAL OF DEFENDANT TO ANSWER QUESTIONS ON PROPER CROSS-EXAMINATION — STRIKING OUT ALL OF DEFENDANT'S TESTIMONY—JURISDICTION.—In a prosecution for attempt to commit robbery, the trial court did not exceed its authority in striking from the record all of defendant's testimony, where defendant refused to answer, on proper cross-examination, the prosecution's questions tending to disclose his whereabouts shortly after the attempted robbery.

[2] ID.—WITNESSES—CIVIL AND CRIMINAL ACTIONS—CROSS-EXAMINATION.—There is no difference under our law between a witness in a civil case and a witness in a criminal case: both witnesses in civil and criminal cases are subject to the same rules of evidence and cross-examination, and there is likewise no difference between a defendant in a civil case and one in a criminal case, excepting that a defendant charged with crime cannot be compelled to be a witness against himself and when he offers himself as a witness he can be cross-examined only respecting matters about which he has testified on his examination in chief, and the fact that he has offered himself as a witness for but a limited purpose cannot be considered by the jury against him nor can the fact that he has failed to take the witness-stand be considered by the jury as indicative of guilt; and when the defendant waives these privileges and offers himself as a witness on his own behalf, he is subject to the same rules of cross-examination as any other witness.

[3] ID.—PRIOR CONVICTION—INSTRUCTIONS—RECORD.—In such prosecution, the trial court properly refused defendant's requested instruction relating to the presumption of innocence of defendant even though previously convicted of a felony, and the purpose

---

2.  See 27 Cal. Jur. 26; 28 R. C. L. 441.

for which a previous conviction can be considered, where the reporter's transcript of the evidence does not disclose any reference to defendant's prior conviction.

[4] ID.—ATTEMPTED ROBBERY—ASSAULT—INSTRUCTION.—In such prosecution, defendant's requested instruction: "If you have a reasonable doubt as to whether or not the prosecution has offered sufficient proof of an attempt to commit robbery, even though you should believe that the defendant and others drew a pistol" on a certain individual "and therewith assaulted him, you must find the defendant not guilty," was not a correct statement of the law, and was properly refused.

[5] ID.—CONSIDERATION OF DEFENDANT'S TESTIMONY—PROPER REFUSAL OF REQUESTED INSTRUCTION.—In such prosecution, the trial court properly refused defendant's requested instruction that the jury "being the sole judges of the facts in the case must, of course, consider and weigh the testimony here given under oath by the defendant, regardless of the order of the court striking the same out, and if the evidence of the defendant raises in your minds a reasonable doubt as to his guilt, you must find him not guilty," where the trial court properly ordered defendant's testimony stricken from the record.

---

(1) 40 **Cyc.**, p. 2475, n. 28, p. 2479, n. 54, 55, p. 2510, n. 29, p. 2537, n. 22.   (2) 16 **C. J.**, p. 540, n. 70, p. 880, n. 71; 40 **Cyc.**, p. 2475, n. 28, p. 2501, n. 94, p. 2537, n. 22.   (3) 17 **C. J.**, p. 176, n. 78.   (4) 16 **C. J.**, p. 1048, n. 66.   (5) 16 **C. J.**, p. 1047, n. 59.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Pat. R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General for Respondent.

CAMPBELL, J., *pro tem.*—Appellant was convicted of the crime of attempt to commit robbery, and from such judgment of conviction and an order of the trial court denying his motion for a new trial has appealed.

At about 1:40 or 1:50 o'clock on the morning of May 4, 1925, appellant was taken to the Mission Emergency Hos-

pital in San Francisco suffering from a gunshot wound in the abdomen. He was in a serious condition and an operation was deemed necessary. While the doctor was preparing appellant for the operating-room William Anderson, the complaining witness, was brought in and identified appellant as the man who attempted to rob him. Respecting the attempted robbery the complaining witness testified that on May 4, 1925, between midnight and twenty minutes past 12 o'clock he was "held up" at the Sansome Pacific Garage, located at 825 Sansome Street, in San Francisco, by three men, one of whom was appellant, McGowan; that he was sitting at a desk in the garage, where he was employed as night man, looking out of the window, and saw three men run up the steps, McGowan being the leading man of the three, and thinking they were customers wanting gasoline or some supplies he got up and opened the door, and when he did so he was confronted by McGowan, who pointed a gun at him and said: "Stick them up, fellow"; that he had his hand on his gun in his coat pocket and pulled it out and shot; McGowan threw his hands up in the air and broke the glass in the window; that he stepped in around the door-jamb so as to protect himself; hearing the whole three of them running he ran out and down the steps, falling over a gun; that he picked up the gun and ran after them; that the three men got into a car and drove away; that he shot three shots out of his own gun in the garage and one outside from his own gun and one shot outside from the gun he picked up—these two latter shots being fired at the three men as they were driving away.

The defendant offered himself as a witness at the trial and testified that on the night in question he was shot shortly before 1 o'clock by a man named William Friel, with whom he previously had had trouble; that the shooting occurred in the neighborhood of Tenth and Potrero Streets; that after being shot he was picked up and conveyed to the hospital; that he did not run away from Mr. Anderson at the garage, as described by Mr. Anderson, on the night in question between 12 and 1 o'clock.

On cross-examination the defendant was asked where he had been before he arrived at Tenth and Potrero Streets,

and he replied that he had just taken a young lady home. The following questions were asked and answers given:

"Q. What was the young lady's name? A. I wouldn't care to disclose it, Mr. Murphy. Q. What is her address? A. Wouldn't care to disclose that either."

The prosecuting attorney asked the court to instruct the witness to answer the question, and the court so instructed him. At this stage of the proceedings defendant's counsel objected to the question on the ground that it was not cross-examination, and the objection was overruled. Upon defendant's persistent refusal to answer the court made its order striking all of the testimony of the defendant from the record.

Appellant urges five points as error, four of which have to do with the refusal of the court to give certain instructions proposed by the defendant. **[1]** The other point is that the trial court erred in ordering the testimony of the appellant stricken from the record. On appeal appellant does not urge error in overruling his objection that the questions asked, which he declined to answer, were not proper cross-examination. Indeed, the argument made by appellant assumes them to be such, and in fact they are. Appellant testified that he was not at the Sansome Pacific Garage, at 825 Sansome Street, the scene of the attempted robbery, between 12 and 1 o'clock—that is, that he did not run away from the garage, as stated by the prosecuting witness, between 12 and 1 o'clock—and that he was shot by a man named Friel shortly before 1 o'clock in the neighborhood of Tenth and Potrero Streets, a considerable distance away. This testimony opened the door for cross-examination as to where he had been and with whom he was during that hour and up to the time he claimed to be shot by Friel. (*People* v. *Gallagher*, 100 Cal. 473 [35 Pac. 80]; *People* v. *Buckley*, 143 Cal. 386 [77 Pac. 169]; *People* v. *Bishop*, 134 Cal. 687 [66 Pac. 976]; *People* v. *Rozelle*, 78 Cal. 91 [20 Pac. 36]; *People* v. *Turco*, 29 Cal. App. 608 [156 Pac. 1001]; *People* v. *Maughs*, 8 Cal. App. 117 [96 Pac. 407]; *People* v. *Davis*, 1 Cal. App. 8 [81 Pac. 716, 88 Pac. 1101].)

The question presented that the trial court erred in striking out the testimony of the defendant because of his refusal to answer pertinent questions on cross-examination

has not been passed upon in this state nor in any other jurisdiction so far as we have been able to find. But two criminal cases are reported holding that the testimony of witnesses should be stricken out when cross-examination is denied. In *People* v. *Cole,* 43 N. Y. 508, the court held that "it is error to suffer to go to the jury any evidence given by a witness on direct examination for the people where, by sudden illness or by death of such witness, or other cause without the fault of and beyond the control of the prisoner, he is deprived of his right of cross-examination." In *McElhannon* v. *State,* 94 Va. 229 [26 S. E. 505], the supreme court of Georgia holds: "When a witness offered for the purpose of proving that the accused had been guilty of gaming, on cross-examination declined to answer certain pertinent questions, on the ground that so doing would tend to criminate himself, and it appeared that the design of these questions was to show the extent of the witness' knowledge upon the subject and perhaps also to test the sincerity or accuracy of his testimony, it was the right of the accused to have all of the witness' testimony on this subject ruled out."

There seems to be no authority in this state on the question of the right of the court to strike out the testimony of a witness in a civil action given on his direct examination for refusing to answer proper questions on cross-examination, but in other jurisdictions where the question has been passed upon the courts all seem to be in accord with the rule that where a party is deprived of the cross-examination of a witness by the act of the opposite party or by the refusal to testify or other misconduct of the witness or by any means other than the act of God, the act of the party himself or some cause to which he assented, the testimony given on the examination in chief should be stricken out. (*Sturm* v. *Atlantic Mutual Ins. Co.,* 63 N. Y. 87; *Smith* v. *Griffith,* 3 Hill (N. Y.), 333 [38 Am. Dec. 639]; *Gallagher* v. *Gallagher,* 92 App. Div. 138 [87 N. Y. Supp. 343]; *St. Charles Savings Bank* v. *Denker,* 275 Mo. 607 [205 S. W. 208]; *Sperry* v. *Estate of Moore,* 42 Mich. 353 [4 N. W. 18]; *Howard* v. *Chamberlin, Boynton Co.,* 64 Ga. 697; *Clements* v. *Benjamin and Another,* 12 Johns. (N. Y.) 209; *Heath* v. *Waters,* 40 Mich. 471.) "Where a witness refuses to answer pertinent questions on cross-examination, his testi-

mony on his direct examination should be stricken out, especially where the witness is a party testifying in his own behalf.'' (40 Cyc. 2479.)

"A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offers himself as a witness, he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief. . . .'' (Pen. Code, sec. ·1323.)

[2] There is no difference under our law between a witness in a civil case and a witness in a criminal case; both witnesses in civil and criminal cases are subject to the same rules of evidence and cross-examination, and there is likewise no difference between a defendant in a civil case and one in a criminal case, excepting that a defendant charged with crime cannot be compelled to be a witness against himself, and when he offers himself as a witness he can be cross-examined only respecting matters about which he has testified on his examination in chief, and the fact that he has offered himself as a witness for but a limited purpose cannot be considered by the jury against him, nor can the fact that he has failed to take the witness-stand be considered by the jury as indicative of guilt. When the defendant waives these privileges and offers himself as a witness in his own behalf, he is subject to the same rules of cross-examination as any other witness. (*People* v. *Rozelle, supra.*)

Counsel for appellant cites numerous authorities to support his contention that the court exceeded its authority in striking out the testimony of defendant as a punishment for contempt and that before any punishment can be inflicted the offending party must be adjudged guilty of contempt. These authorities are not in point. The court did not strike out the testimony as a punishment for contempt, but for the reason that through no fault of the prosecution, but through the deliberate act of the defendant himself the prosecution was deprived of the opportunity of cross-examining the defendant. Such cross-examination was proper, as it would have given the prosecution the opportunity to subpoena the young lady the defendant testified he was with about the time the prosecuting witness testified defendant attempted to rob him, in order that he might be contradicted by her if his statement be untrue; that before his

testimony be permitted to go to the jury its truth could be subjected to such tests as the experience of ages has shown are necessary to render reliance on it safe, and where this has been prevented without the fault of the adverse party the evidence should be excluded. (*People* v. *Cole, supra.*)

The record shows the language of the court in making the order to be: "The order of the court could be that this defendant be committed to the custody of the sheriff and be held in contempt of court. That does not get us anywhere in determining this issue here, or as far as ending our trial is concerned. The court, however, could take this action. If the defendant refuses to answer, on proper cross-examination, the court will strike from the record all testimony given by this witness. Such is the order."

[3] Appellant complains of the trial court's refusal to give the two following instructions proposed by the defense: (a) *"This presumption of the defendant's innocence, this particular defendant is no less entitled to by reason of the fact that he may have been heretofore convicted of a felony.* In other words, he is just as much to be presumed innocent of the commission of the offense here charged against him as would be a person who had never been before convicted of any crime. (b) The only purpose for which you can consider the previous conviction of this defendant is in relation to the defendant as a witness upon the witness-stand. One of the methods prescribed for impeaching a witness is to show in a proper manner that he has been convicted of a felony."

After searching the reporter's transcript of the evidence we are unable to find any reference therein to appellant's prior conviction. It therefore follows that the two foregoing instructions were properly refused. However, it should be observed that that portion of the instruction (a) which we have italicized was given by the trial court.

[4] Appellant also complains of the trial court's refusal to give the following proposed instruction: "If you have a reasonable doubt as to whether or not the prosecution has offered sufficient proof of an attempt to commit robbery, even though you should believe that the defendant and others drew a pistol on said William Anderson and therewith assaulted him, you must find the defendant not guilty."

That proposed instruction does not correctly state the law for several reasons, one of them being that the jury are not entitled to consider "proof" which is merely "offered"; they can consider only "evidence" which is "received." Another objection to the proposed instruction is that the jury are not confined to a consideration of the evidence produced by the prosecution; indeed, the jury has a right and it is its duty to consider all the evidence received, including that produced by the prosecution, that produced by the defense and that obtained from the various witnesses upon cross-examination. The trial court, eliminating these objectionable features from the proposed instruction, correctly instructed the jury as follows: "You are instructed that if, after hearing the evidence, you believe beyond a reasonable doubt that this defendant committed an assault upon the person of the complaining witness, and not in any attempt to commit robbery, and did not attempt to commit robbery, or you have a reasonable doubt upon such matter, you should give the defendant the benefit of that doubt and acquit him."

[5] The other proposed instruction, the refusal to give which is claimed as error, is as follows: "The Court instructs the jury that they being the sole judges of the facts in the case must, of course, consider and weigh the testimony here given under oath by the defendant, regardless of the order of the court striking the same out, and if the evidence of the defendant raises in your minds a reasonable doubt as to his guilt, you must find him not guilty."

It is self-evident that if the trial court properly ordered appellant's testimony stricken from the record, then the foregoing proposed instruction was properly refused.

In view of our disposition of the errors assigned there is no merit in the appeal.

The judgment and order appealed from are hereby affirmed.

Tyler, P. J., and Knight, J., concurred.