[Crim. No. 1459. First Appellate District, Division Two.—April 25. 1928.]

THE PEOPLE, Respondent, v. KINKICHI WATANEBE, Appellant.

Morgan A. Sanborn and Harry A. Encell for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with the crime of murder. The defendant pleaded not guilty. A trial was had before the court sitting with a jury. The jury returned a verdict finding the defendant guilty of murder in the second degree. The defendant made a motion for a new trial. The motion was denied and the defendant appealed from the judgment and the order denying his motion. He has brought up a typewritten record of all the proceedings.

The record discloses that the above-mentioned trial was the second trial of the defendant for the alleged offense.

It was the theory of the prosecution that the defendant performed an illegal operation on the body of Beatrice Newland and as a result of that operation she died.

The defendant was at the time of the alleged offense a licensed druggist conducting a drug-store near the corner of Eighth and Franklin Streets in the city of Oakland. The decedent resided in the same city.

On the trial the prosecution called a large number of witnesses and each one was examined and cross-examined. It introduced a large number of exhibits. Among others it introduced a number of pieces of surgical apparatus which the prosecution had obtained from one of the rooms in the flat of the defendant, upstairs over his drug-store. It also introduced in evidence some surgical apparatus which it located in a bundle in the possession of C. Kowana, another Japanese, who conducted a candy-store around the corner.

Immediately after the prosecution closed its case the defendant took the stand in his own behalf. He testified to many facts, among others that he did not perform the

operation. He did not testify regarding any conversations with Madam Mays, the proprietress of a beauty-shop in Oakland. On cross-examination the district attorney propounded many questions to the defendant regarding his conversations with Madam Mays. The defendant quotes the record and claims that numerous errors were committed by the trial court in overruling his objections based on the ground that the subject matter was not within proper bounds of cross-examination. The subjects objected to were within the bounds of proper cross-examination of a defendant. (*People* v. *Rozelle*, 78 Cal. 84, 92, 93 [20 Pac. 36].) The decedent's mother testified that the day before her daughter took to her bed that she and her daughter went to Madam Mays' shop. After they arrived there the decedent spoke to Madam Mays and the latter gave decedent a paper and decedent then directed her mother to wait and went out. Later a telephone call was received. Madam Mays answered the call and then turned to the mother and told her that the decedent was going to the Southern Pacific station at Seventh and Broadway and wanted her mother to meet her there. Among the answers which the defendant claims were not proper cross-examination the following were included: "Madam Mays never said anything to me about a girl that was pregnant. I never gave Madam Mays a slip of paper with 'Kay' written on it. I never told Madam Mays to have the girl that was pregnant come to my store July 12 (the date of the alleged operation)."

After the defense had rested its case the prosecution called Madam Mays in rebuttal. The defendant objected to all of the evidence given by the witness, contending that the subject matter was a part of the case in chief of the prosecution and not rebuttal. At this time the defendant concedes that it is not necessarily prejudicial error to allow a party, in a criminal case, to introduce proof out of order. However, the defendant asserts that under the peculiar facts of this case the reception of the evidence of Madam Mays was tantamount to an impeachment of the defendant. But if that be so, it is not necessarily error. One proper method of impeachment of any witness is to call other witnesses who contradict him. (Code Civ. Proc., sec. 2051.) She testified that on Monday (July 11, 1927) the defendant told

her to send the decedent to his store at 1 o'clock Tuesday and that he wrote on a piece of paper "Kay" and handed the paper to her. There is evidence in the record that the decedent was operated on by the defendant in a room upstairs over his drug-store. There is evidence that Madam Mays sent her there. There is some evidence that the telephone call, above mentioned, was put in by the defendant.

The defendant claims the trial court erred in receiving in evidence the "cervix dilator." As stated above, a bundle was taken from the possession of C. Kowana, another Japanese, one-half block away. The dilator was in that bundle. The evidence introduced included such facts from which the jury might form the inference that the defendant either took or sent the bundle to Kowana's store. There was considerable evidence to the effect that the defendant had purchased a similar article of a similar manufacture. The purpose for which it was introduced was not to show that it was the particular instrument with which the operation was performed, but for the purpose of showing that the defendant had access to instruments and apparatus with which he could have performed the operation. The evidence connecting defendant's possession with the dilator was not insufficient. The real basis of the defendant's objection is a claim that the evidence of possession by the defendant was not strong. That, however, was a question for the jury.

Finally, it is claimed the evidence is insufficient. The defendant does not contend that the evidence fails to show the performance of an illegal operation. But the defendant claims the evidence is insufficient to show that he performed it. There is an abundance of evidence that the defendant was in a position and was equipped with instruments and apparatus enabling him to perform the operation. He concedes there are admissions by him that he performed the operation. But he argues that those admissions are of little weight. Conceding such to be true, the argument is not one on which an appellate court can act. The findings of the trial court or jury are controlling in this court. Moreover, on her death-bed, in the presence of the defendant, the decedent accused him of having performed

the operation and the defendant made no denial or other reply to the accusation.

The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.