[Crim. No. 1913. Fourth Dist. Nov. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. FRANKLIN BROWN, JR., Defendant and Appellant.

Edison P. McDaniels, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant-appellant Franklin Brown, Jr. and his codefendant Clemmie Lee Jones were charged with

robbery while armed with a deadly weapon. Defendant Brown was also charged with two prior felony convictions: possession of an illegal weapon and grand theft. He pleaded not guilty to the charge and admitted the prior convictions. Both defendants were convicted by a jury of robbery in the first degree. Defendant Brown (hereinafter referred to as appellant) appealed.

## FACTS

On the night of October 20, 1962, the clerk at a market was robbed of $187 at the point of a gun by these defendants, according to witnesses. Appellant, the shorter of the two, was holding the gun. Defendants escaped from the lighted store and fled to the lighted parking area where their car was parked. A short time later, defendants were brought to the store for identification and they were identified by the clerk there and again at the police station. There were other occupants of the store at the time of the holdup, including several children, who identified these defendants and their car. Defendants produced several witnesses to corroborate their story that they were at a pool hall, about a five-minute drive from the market, at the time of the robbery.

The sole contention on this appeal by appellant is that his attorney was not permitted to cross-examine witnesses, particularly Shirley Singleton, who identified appellant and testified on behalf of the prosecution. Appellant was represented at the trial by his attorney, Edison P. McDaniels, and defendant Jones was represented by his attorney, Richard J. Weller. When James Fewell, the clerk of the market, as the first witness, was examined on direct examination, and after identifying these defendants and explaining in full the particulars of the robbery, his cross-examination was invited by the prosecuting attorney, Mr. Dunn. Mr. McDaniels, attorney for appellant, cross-examined the witness in full and then stated that he had no further questions. The court then asked Mr. Dunn if he had further questions and he proceeded to question the witness further. Thereafter, the court inquired: "Any further questions, Mr. McDaniels? MR. WELLER: I have one —THE COURT: I think one attorney should ask all the questions, Mr. Weller. MR. McDANIELS: I have some more questions, your honor. THE COURT: Do you wish to consult with Mr. Weller? You may ask the questions he has in mind. (Whereupon the counsel for defendants confer off record.)" Then Mr. McDaniels proceeded with further recross-examination and then stated that he had no fur-

ther questions. The next witness, Shirley Singleton, aged 14, was sworn and examined by the prosecutor. She identified defendants, their car, and particularly appellant Brown as the shorter of the two as being the man who held the gun. Mr. Weller cross-examined her and the court then called on Mr. Dunn and he said he had nothing further and the witness left the stand. Then Mr. Dunn remarked that he had one more question, which was propounded, and there was no request that either counsel be allowed to cross-examine her.

Harry Chapman, aged 11, was then called as a prosecution witness. He was cross-examined by Mr. McDaniels and the witness left the stand without any further request by either counsel for further cross-examination. The same procedure took place as to the remaining witnesses. As to one witness, the court remarked at the close of the redirect examination, "Any further questions, Mr. Weller; Mr. McDaniels?" and the answer was "No further questions." Both Attorneys Weller and McDaniels apparently took turns in cross-examining the witnesses, without any objections being made as to this procedure.

Now, for the first time, appellant's attorney objects to this claimed limitation of cross-examination on appeal. Under what theory the trial judge was laboring when he said he thought "one attorney should ask all the questions" is not perceivable from the record. It is quite apparent from the cases that each counsel had the right of cross-examination of the prosecution witnesses and to deny them this right would be error. (*People* v. *Sandow*, 133 Cal.App. 559, 565 [24 P.2d 521]; *People* v. *Hume*, 56 Cal.App.2d 262 [132 P.2d 52]; *Smith* v. *Smith*, 125 Cal.App.2d 154 [270 P.2d 613]; *People* v. *Aragon*, 154 Cal.App.2d 646 [316 P.2d 370].) It may well have been that the trial court felt that the cross-examination of the first witness was so thorough and extensive that a repetition of the same questions would be time-consuming and a duplication of questions.

In *Alford* v. *United States*, 282 U.S. 687, 694 [51 S.Ct. 218, 220, 75 L.Ed. 624, 629], it was held that: "The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted." See also Code of Civil Procedure, section 2048, and *People* v. *McGowan*, 80 Cal.App. 293 [251 P. 643].

From an examination of the record in this respect, it is

difficult to imagine any questions that had not been asked of the witnesses, or that any questions were omitted which might have prejudiced the rights of appellant. The court did not order such procedure, but only stated, "I think one attorney should ask all the questions, Mr. Weller." Apparently, both counsel agreed and they conferred and one counsel asked all the questions that the other may have suggested. No objection to this procedure was made at any time, then or thereafter. No attempt was made at that time, or on motion for a new trial, to call the court's attention to this claimed error.

Suffice to say, we have read the entire record and have convinced ourselves that this error did not prejudicially affect the results of the trial, nor did it cause a miscarriage of justice. (*People* v. *Bartol*, 24 Cal.App. 659, 662 [142 P. 510]; Cal. Const., art. VI, § 4½.)

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.