No. 2,202.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, v. HANS
REINHART, APPELLANT.

WITNESS IN HIS OWN BEHALF—PRIVILEGE OF.—A party to an action who becomes
a witness in his own behalf has no greater privilege than any other witness, and
may refuse to answer a question when the answer would tend to degrade his
character.

IDEM.—EVIDENCE OF PREVIOUS CONVICTION.—Oral testimony, if objected to, is
not admissible to prove a previous conviction of crime of a witness examined in
his own behalf, whether adduced on cross-examination of such witness or given
by other witnesses for that purpose, the record being the best evidence of that
fact.

APPEAL from the County Court, City and County of San
Francisco.

The facts are stated in the opinion.

RHODES, C. J., delivered the opinion of the Court:

The defendant was sworn and examined as a witness in
his own behalf, and, on cross-examination, he was asked
whether he had not been convicted of certain offenses. He
now insists that it was erroneous for the Court to compel
him to answer those questions. We held in *Clark* v. *Reese*
(35 Cal. 96), that when a party to the action becomes a wit-
ness in his own behalf, he drops, for the time being, the
character of a party, and takes on that of a witness, and
that his privilege is no greater than that of any other wit-
ness. He may refuse to answer the question whether he
has been previously convicted of petty larceny, for it tends
to degrade his character. (1 Greenl. Ev. Sec. 457; 2 Phil.
Cr. C., E. & H. Notes, 939.) But this is the privilege of
the witness, and not of the party.

The opposite party, however, may prove a previous con-
viction of the witness for the purpose of discrediting or
impeaching him (*Newcomb* v. *Griswold*, 24 N. Y. 298, and
cases there cited); but the admission of oral testimony,
whether adduced on cross-examination of the witness sought
to be impeached, or given by other witnesses for the pur-

CAL. REP. XXXIX.—57.

(T.)

pose of proving the previous conviction, would be erroneous, if objected to, on the ground that the record is the best evidence of the conviction.) (See authorities above cited, and *People* v. *Herrick*, 13 Johns. 82; *King* v. *Inhabitants, etc.*, 8 East. 77; *Carpenter* v. *Nixon*, 5 Hill, 260.) Objection on that ground does not appear to have been taken on the trial, and therefore is of no avail to the defendant on appeal.

The evidence was sufficient to justify the jury in finding the defendant guilty, as charged in the indictment.

Judgment affirmed.