[No. 10,602.—In Bank.]

## PEOPLE v. J. P. JACKSON.

INSTRUCTION — CRIMINAL PRACTICE. — After the jury had retired, they returned and inquired what was the least punishment for the offense charged, and the Court directed them orally that they had nothing to do with the matter, but informed them of the penalty. *Held*, that this direction was immaterial, and not erroneous in not being in writing.

APPEAL from a judgment of conviction of grand larceny, and an order denying a new trial, in the Superior Court of San Bernardino County. ROLFE, J.

*R. E. E. Bledsoe,* for Appellant.

The *Attorney-General,* for the People.

The COURT:

The jury had been charged by the Court, and retired for deliberation, and afterwards came into Court and inquired what was the least punishment for grand larceny. In making this inquiry, they asked in relation to something with which they had nothing to do; and the Court so told them, although it did at the same time inform them of the penalty for the offense mentioned.

It is objected that this was error, because it was not in writing, nor was it taken by the phonographic reporter, which, it is contended, the statute required.   (§ 1,093, Pen. Code.)

We cannot agree with counsel for defendant.   The argument was ingeniously put, but it is not sound.   The matter was entirely immaterial as to any issue before the jury, and the direction of the Court amounted only to nothing more than to admonish them to return and find a verdict, if they could do so, regardless of the measure of punishment.

This ruling is in accordance with what was held in *People* v. *Bonney*, 19 Cal. 426.

To hold that the jury were influenced by what was said to them by the Court in response to their inquiry, is to conclude that they were incompetent to perform the duty with which they were charged, or that they were disposed to disregard their obligation, of which we see no evidence.

Judgment and order affirmed.