[No. 10,598.—Department Two.]

## PEOPLE v. WILLIAM BECK.

INSTRUCTION—CRIMINAL LAW.—The Court charged the jury that before conviction the persuasion of guilt produced by the evidence ought to amount to almost a certainty, or to such a moral certainty as convinces the minds of the jury as reasonable men. *Held*, that the instruction, although not satisfactory, was not erroneous.

REPUTATION—WITNESS—CRIMINAL PRACTICE.—If a defendant in a criminal case offers himself as a witness, the prosecution may introduce testimony to show that his general reputation, for truth, honesty, and integrity, is bad.

APPEAL from a judgment of conviction and an order refusing to vacate the judgment in the Superior Court of Shasta County. BELL, J.

*C. A. Garter* and *Edward Sweeny*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

MORRISON, C. J.:

The appellant, William Beck, was indicted by the Grand Jury of Shasta County for the crime of grand larceny. On this indictment he was tried and convicted and adjudged to suffer two years and six months' imprisonment in the State Prison, and from that judgment he prosecutes this appeal. The first ground upon which the appellant relies for a reversal of the judgment, grows out of an alleged irregularity in entering or recording the verdict of the jury; but as the question here presented was duly considered and passed upon adversely to the appellant, in the case of *The People* v. *Gilbert*, 57 Cal. 96, a further examination of it is deemed unnecessary in this case.

2. The second objection is to an instruction of the Court upon the amount of evidence required to justify a verdict of guilty in a criminal case. The Court told the jury that "before conviction the persuasion of guilt produced by the evidence ought to amount to *almost a certainty,* or such a moral certainty as convinces the minds of the jury as reasonable men." It is very clear that the law does not require the guilt of a party prosecuted for a crime to be established by evidence which amounts to mathematical certainty—evidence which excludes all possible doubt—but the rule is, that the evidence shall be such as to exclude all *reasonable doubt.* The portion of the charge above referred to may be considered unsatisfactory, but it is not erroneous. In the charge which followed, however, the law was clearly and correctly given to the jury in the language of Chief Justice Shaw in the *Webster case,* and that charge has been adopted as a correct definition of the term "reasonable doubt," by the Supreme Court. (*People* v. *Ashe,* 44 Cal. 288. See also *People* v. *Cronin,* 34 id. 191; *People* v. *Padilla,* 42 id. 535.)

3. The remaining point in the case relates to the admission of evidence which was objected to on the trial. The defendant offered himself as a witness on his own behalf, and, after he had testified, the District-Attorney called one H. F. Ross as a witness, and asked him the following question: "Are you acquainted with the general reputation of the defendant for truth, honesty, and integrity?" To this question the counsel for the defendant objected, on the ground that it is incompetent for the prosecution to attack the reputation of the accused in a criminal case, until the defense has first introduced evidence to prove the good character of the defendant. The objection was overruled, and the witness testified that he was acquainted with the general reputation of defendant in respect to the traits inquired of, and that such general reputation was bad. There is no doubt that the rule contended for by the counsel for the defense is, generally speaking, the correct one, but it has no application when the defendant becomes a witness in the case and testifies in his own behalf.

This question was before the Court in the case of *Clark* v. *Reese,* 35 Cal. 89, and it was there held, that "when the defendant became a witness in his own behalf, he subjected

himself to all the rules regulating the examination and cross-examination of witnesses. His privilege was no greater than that of any other witness; he dropped, for the time being, the character of a party and took on that of a witness." The rule in the above case was followed in the criminal case of *The People* v. *Reinhart*, 39 Cal. 449, and also in the very recent case of *The People* v. *Johnson*, 57 Cal. 316. The Code of Civil Procedure, § 2051, provides that a witness may be impeached by evidence that his general reputation for " truth, honesty, and integrity is bad;" and § 1102 of the Penal Code declares that " the rules of evidence in civil actions are applicable also in criminal actions, except as otherwise provided in this code"— the Penal Code. The rule is manifestly a just one. The defendant is not required to testify, and no unfavorable conclusion can be deduced from his silence. But the law gives him the privilege of testifying in his own behalf, and if he choose to exercise that privilege, there is no good reason why his reputation, as a witness, should not be subject to attack in the same manner that the reputation of any other witness may be impeached.

No error appearing in the record, the judgment and order are affirmed.

SHARPSTEIN, J., THORNTON, J., and MYRICK, J., concurred.