Scott Young *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 4—55.]

**Receiving Stolen Goods—Instructions.**

When one is charged with receiving stolen goods, it is error at the trial for the court to refuse to give an instruction asked by the defendant that "Before the jury can find the defendant guilty they should believe beyond a reasonable doubt that the defendant received the watch knowing it had been stolen."

**Instruction.**

Upon the trial of one charged with knowingly receiving stolen property it is error to instruct the jury that they were authorized to find the defendant guilty if he knew, or believed at the time he received the property, either from information received at or before that time, or from facts within his own knowledge that it had been stolen. The words "knowledge" and "belief" are not synonymous as used in the statute.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 24, 1882.

Opinion by Judge Lewis:

Appellant was indicted for the offense denounced by Gen. Stat. (1881), Ch. 29, Art. 11, § 8, which is as follows: "Whoever shall receive any stolen goods, chattels, or other thing, the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is by law subjected."

44

Upon the trial the court below instructed the jury that they were authorized to find the defendant guilty if he knew, or believed at the time he received the property, either from information received at or before that time, or from facts within his own knowledge, that it had been stolen. At the same time in behalf of appellant the following instruction was asked: "Before the jury can find the defendant guilty they should believe beyond a reasonable doubt that the defendant received the watch knowing it had been stolen," which instruction the court refused to give, unless qualified "so that the guilty knowledge should be defined as it is defined in the instruction given at the instance of the commonwealth." The instruction asked for by appellant's counsel being in the identical language of the statute for a violation of which he was indicted ought to have been given without the qualification required by the court below. And as instruction "A" contained language not in the statute and is palpably inconsistent with the real meaning of the statute it should not have been given.

That the legislature has seen proper to define the offense by the use of the word "knowledge" is a sufficient reason why the word "belief" which possesses quite a different idea should be excluded from the instruction by the court. "Knowledge" is defined as "the highest degree of the speculative faculties and consists in the perception of the truth of affirmative or negative propositions." "Belief admits of all degrees, from the slightest suspicion to the fullest assurance."

The offense for which appellant was indicted and tried is for receiving stolen goods, knowing, not believing, the same to be stolen.

As by the error of the court below the substantial rights of the appellant have been prejudiced, the judgment must be *reversed* and cause remanded with directions to grant him a new trial and for further proceedings consistent with this opinion.

*R. A. Thornton, Z. Gibbons, for appellant.*

*P. W. Hardin, for appellee.*