Hulda Cohn et al.

v.

The People of the State. of Illinois.

*Opinion filed June 19, 1902.*

1. Criminal law—*testimony of confessed accomplice must be received with caution.* While a conviction may be had upon the uncorroborated testimony of a confessed accomplice, yet such evidence is of doubtful integrity and should be received with great caution.

2. Same—*guilty knowledge is essential to crime of receiving stolen property.* Guilty knowledge on the part of the accused is essential to the crime of receiving stolen property, and while direct proof of knowledge is not essential, yet the facts and circumstances proven must be sufficient to create in the mind of the accused a belief that the goods were stolen.

3. Same—*when instruction upon receiving stolen property is erroneous.* An instruction upon. the subject of receiving stolen property is erroneous which tells the jury that absolute knowledge by the accused, or even belief, that the goods were stolen is not necessary if the evidence be sufficient to induce a person of ordinary observation to have such a belief.

Writ of Error to the Criminal Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

B. M. Shaffner, (W. S. Forrest, of counsel,) for plaintiffs in error.

H. J. Hamlin, Attorney General, (C. S. Deneen, State's Attorney, and Frank Crowe, of counsel,) for the People.

Mr. Justice Wilkin delivered the opinion of the court:

The grand jury of Cook county returned indictments against plaintiffs in error charging them with the crime of receiving stolen property. The indictments were substantially in the language of section 239 of the Criminal Code. They were tried three times in the criminal court of that county. On the first trial they were convicted, but the court set aside the verdict. On the second trial the jury disagreed, and on the third they were again

convicted and sentenced to the penitentiary, and from that judgment this writ of error has been sued out.

The substance of the charge was, that on September 8, 1901, which was Sunday, they bought from one Percy W. Vance certain jewelry and silver spoons, of the value of about $1000, knowing the same to have been stolen from Schlesinger & Mayer, a corporation, for which they paid $55. According to the testimony of Vance and Thomas Kunzman, they were accomplices in the theft, being at the time employees of said company. It appears that on the previous night Vance and Kunzman took to the store of plaintiffs in error eighteen silver spoons, which they swore were sold to Louis Cohn, Hulda Cohn producing the money to pay for the same, and Vance, and perhaps Kunzman, stating that they told Louis that the goods had been stolen, and they claiming that the transaction on Sunday was in pursuance of an understanding between themselves and him at that time. The plaintiffs in error, corroborated by Benjamin, Isaac and Samuel Cohn, testified that Vance at that time told them that the spoons were a wedding present to his wife; that she was at the time sick; that he needed money and desired to pawn the same, and that they were received in that way, properly registered under the ordinance of the city of Chicago, and placed in a showcase in plain view in the store. Kunzman on Monday disclosed to the superintendent of Schlesinger & Mayer the larceny. Vance afterward, being questioned about the matter, confessed the crime, and he, in company with police officers, went to the store of the defendants in search of the goods. They there found the eighteen silver spoons in the showcase, registered as above stated, but were unable to find any of the property described in the indictment, and, so far as the record discloses, it never has been found.

The evidence of the sale to the plaintiffs in error was proved by the testimony of Percy W. Vance alone. He was not only uncorroborated as to what occurred at the

time of the sale, but he was flatly contradicted by the plaintiffs in error and several other witnesses, some, at least, of whom seem to have no interest whatever in the result of the prosecution. It must be conceded that ordinarily it would be regarded as clearly preponderating in favor of the defendants. If this conviction is sustained, it must be upon the uncorroborated testimony of Vance, a confessed criminal and accomplice in the transaction with the defendants, and while, under the rule in this State, that may be done, we have always held such evidence to be of doubtful integrity, and to be received only with the greatest caution. (*Hoyt* v. *People*, 140 Ill. 588.) We there said (p. 597): "Although the jury are the sole judges of the credibility of the evidence, and may convict on the evidence of accomplices alone, still the law is they shall not do so arbitrarily, and they must act on the testimony of accomplices with great caution, and only when they are satisfied, from it and all the circumstances in evidence in the case, that it is true. Such evidence is not, in legal estimation, as satisfactory in its nature as is the testimony of unimpeached or disinterested witnesses." Applying this test to the evidence of Vance, and to the witnesses who corroborated that of the defendants who swore that Vance was not in the store on Sunday at all and that the transaction detailed by him did not occur, we think the jury were not justifiable in finding the defendants guilty.

It is also assigned for error that the court erred in giving the eighth instruction asked by the People. The instruction is as follows:

"It is not necessary to the conviction of defendant or defendants that the People should show that the defendant or defendants saw the goods stolen, or was told that they had been stolen, *or had absolute knowledge* that they were stolen goods. If it appears, by the evidence, that circumstances presented and manifest to the defendant or defendants at the time of the reception of the goods

in question (if you believe, from the evidence, that the defendants received the same,) were such as to have induced them and any man of ordinary observation *to believe* that the property was stolen and was being offered for sale to the defendant or defendants by one who had no right so to do, that is sufficient."

The italics are our own, for the purpose of emphasizing the fact that the jury were by this instruction told that knowledge on the part of the defendants that the goods were stolen was not necessary, but that it was sufficient for them to believe that fact. The language of the statute is, *"knowing the same to have been so obtained,"* that is, stolen. We said in *May* v. *People*, 60 Ill. 119: "In order to a conviction, it was necessary for the prosecution to satisfy the jury, beyond a reasonable doubt, that the accused knew the goods had been stolen at the time he received them." And in *Aldrich* v. *People*, 101 Ill. 16: "Guilty knowledge on the part of the defendant is essential to the constitution of the offense." It is true, that proof of direct knowledge is not necessary, and that evidence of facts and circumstances sufficient to create in the minds of the accused a belief that the goods were stolen may amount to guilty knowledge of the fact. (*Huggins* v. *People*, 135 Ill. 245.) But this instruction goes further, and tells the jury, first, that knowledge is not necessary, nor even belief, on the part of the defendants, if the evidence be sufficient to induce a person of ordinary observation to believe.

It is earnestly contended by counsel for plaintiffs in error that the attorney who represented the People upon the trial of the case was guilty of such misconduct as ought to work a reversal of the conviction. It is, in effect, admitted that there was such misconduct, but it is insisted that inasmuch as the trial judge sustained objections to the language and conduct of the attorney, no error is here shown. There is a marked difference between cases in which counsel inadvertently or thought-

lessly uses language calculated to prejudice the case of the opposite party and willingly yields to the rebuke of the court or its rulings, and those in which it is shown that an attorney persists in such conduct notwithstanding the rulings of the court. We think the criticism upon the attorney sustained by the record, but as the case must be reversed for the errors above indicated, especially the first, it is unnecessary to decide whether that misconduct would justify the same result or not.

The judgment of the criminal court will be reversed and the cause remanded for another trial.

*Reversed and remanded.*