ALLREAD, J.
The plaintiff in error was indicted and convicted of receiving stolen property.
The regularity of the conviction is challenged chiefly upon the following grounds: (1) insufficiency of the indictment; (2) insufficiéney of averment and proof as to ownership; and (3) error in charge.
The description of the stolen property in the indictment is “five automobile tires.”
The objection to the indictment was first made upon motion at the conclusion of the state’s evidence. It is also raised by motion in arrest of judgment. Counsel for plaintiff in error rely upon the case of Redmond v. State, 35 Ohio St. 81 in whieh *714 it was held that a description of “ a certain lot of dry goods, ’ ’ is insufficient in an indictment. We think that case is not parallel. If the present indictment was of “a lot of automobile supplies” it would be more nearly parallel. In the opinion in the Redmond case the doctrine that a description of “one horse, one ox,” it is said would be good. This statement would apply to the present case. While the description here might have been made more definite by the addition of manufacturer’s marks, yet it was not necessary any more than additional description would be required in case of a horse or of an ox.
In the case of Goodall v. State, 22 Ohio St. 203, a description in an indictment of “one silver coffee pot, one silver tea pot,” and so forth, was held sufficient, although that question was not raised or discussed.
While the common law was strict on the question of description yet under the liberality of our statute the common law has been greatly modified. The lack of more extended description did not prejudice the plaintiff in error. The five automobile tires in controversy were in the possession of the plaintiff in error and there was no uncertainty in the evidence as to their identity. We think the indictment was sufficient. 25 Cyc., 75, 82.
There is also a question as to the averment and proof of ownership. The indictment contained the averment that the property was owned by the Cleveland C. C. & St. L. Ry. It is contended that it should have been averred that it was owned either by the Westeott Co., the consignors, or by the director general of the railroads of the United States. It appears that the property was stolen while in. the possession of the railway company. It was not necessary to aver ownership in the consignor. The railway company having lawful custody of the property for the purpose of transportation was the owner as against the parties charged with its larceny. Huling v. State, 17 Ohio St. 583:
Notwithstanding the control of the railway companies by the director general such companies are still in existence and have the right to own and hold property. The director general *715 employed the railway companies as agents and instrumentalities in conducting the business. As between parties charged with larceny and the railway company operating under the director general, it would be sufficient to charge the ownership in the railway company. The court is not required to go behind the possession and lawful custody of property in a criminal action for larceny. See 25 Cyc., 89. Besides the indictment was sufficient as it charged the ownership in the. railway company. No real difficulty appears upon the face of the indictment and the question wonld arise upon the trial as to a variance. The See. 13582 G. G. relieves against any technicality in respect to variance where such variance is not prejudicial to the party accused. We think the trial court was justified in holding this defect, if it was a defect, non prejudicial.
The trial court charged the jury as to proof or actual knowledge, and added the following paragraphs.
“The guilty knowledge of the defendant r^pon this subject may have been inferred from the facts, or if at the time of receiving the property he knew of defects which in your judgment would impress an ordinary and reasonable man with the knowledge that the property had been stolen.
‘ ‘ If, therefore, you find the defendant received the property under circumstances such as would cause any man of ordinary observation, intelligence and caution, to know that it had been stolen, you would be authorized in finding a verdict of guilty, if the other elements of guilt have been established beyond a reasonable doubt.”
These charges as to the inference arising from circumstantial evidence is objected to by counsel for the plaintiff in error. It is claimed that only actual knowledge fulfills the statutory definition of the crime, and that the inference which a man of ordinary intelligence and caution would deduce from a given set of circumstances might not be sufficient to prove actual knowledge in this specific case.
We are unable to find any decisions in this state upon this precise question.
Counsel for plaintiff in error cite the case of Cohn v. People, 197 Ill., 482 [64 N. E. 306], We think this ease does not support his contention. The syllabus is as follows:
*716 “Any instruction upon the subject of receiving stolen property is erroneous which tells the jury that absolute knowledge by the accused, or even belief, that the goods were stolen is not necessary if the evidence be sufficient to induce a person of ordinary observation to have such a belief. ’ ’
Charges similar to those given in the case at bar are approved in the case of Commonwealth v. Leonard, 140 Mass. 473 [4 N. E. 96; 54 Am. Rep. 485]; State v. DiBenedetto, 82 N. J. L., 168 [82 Atl. 521], affirmed, State v. DiBenedetto, 83 N. J. L. 792 [85 Atl. 1135]; 83 N. J. L., 792; Gassenheimer v. United States, 26 App. Cas. (D. C.), 432; 3 Blashfield, Instructions to Juries, 3815-3816.
There is some force in the claim of counsel for plaintiff in error that actual knowledge, which is prescribed by the statute creating the offense, is not answered by an inference to be drawn from circumstances by any person other than the accused himself; nevertheless we are of the opinion that the weight of authority sustains the charge as given to the jury.
We have considered the other assignments of error, but have reached the conclusion that there is no error prejudicial to the plaintiff in error and that the judgment should be affirmed.
Ferneding and Kunkle, J. J., concur.