## POUNDS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 20, 1920.)

No. 2745.

1. **Receiving stolen goods 🖝7 (5)—Description of property in indictment sufficient.**

An indictment charging defendant with feloniously having in his possession stolen property, consisting of "a large quantity of Wayne knit hose, to wit, one case of hose, then and there of the value of, to wit, five hundred and seventy-six dollars," *held* sufficient in description of the property.

2. **Larceny 🖝32 (5)—Indictment for stealing property in interstate transportation sufficient, where alleging qualified ownership of carrier.**

In an indictment for stealing property from a railroad car while in course of interstate transportation, it is not necessary to allege ownership of the property, further than the qualified ownership of the carrier.

3. **Criminal law 🖝1172 (2)—Harmless error in instructions.**

In a criminal case, the giving of instructions which were erroneous in respect to proof of certain facts essential to conviction *held* not reversible error, where such facts were clearly shown by testimony which the jury must have believed to reach a verdict of guilty.

4. **Receiving stolen goods 🖝9 (2)—Instruction as to knowledge of defendant held erroneous.**

On trial of defendant, charged with having possession of stolen property knowing that it was stolen, an instruction that, if he received it under circumstances that would lead a reasonable and prudent man to believe that it was stolen, the jury were justified in finding that he had such knowledge, *held* erroneous.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Andrew Pounds. Judgment of conviction, and defendant brings error. Affirmed.

Chester H. Krum, of St. Louis, Mo., and Charles A. Karch, of East St. Louis, Ill., for plaintiff in error.

James G. Burnside, of Vandalia, Ill., and Andrew B. Dennis, of Danville, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. An indictment of four counts was returned against plaintiff in error and eight others—the first count charging feloniously breaking the seal of a railroad car containing freight being carried interstate; the second, feloniously entering a railroad car containing such freight; the third, stealing from such railroad car; and the fourth, feloniously having in possession such property stolen from such railroad car. Plaintiff in error and seven other of the defendants were tried, convicted, and sentenced under various of the counts, plaintiff in error under the fourth alone; having been acquitted on the other three.

[1] To reverse the judgment it is urged (1) that the indictment does not sufficiently describe the property nor allege its ownership; (2) that the court improperly charged the jury on the subject of

🖝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

knowledge that the property was stolen; (3) that there was no evidence to warrant conviction. The alleged stolen property is stated in the fourth count as:

"A large quantity of Wayne knit hose, to wit, one case of hose, then and there of the value of, to wit, five hundred seventy-six dollars ($576.00)."

We consider this a sufficient description of the property, particularly where, as here, the sufficiency of the indictment was not challenged before verdict.

[2] As to the ownership the count states that the defendants unlawfully had in their possession property which to their knowledge had theretofore been feloniously stolen from a certain described railroad car, and constituted part of an interstate shipment then in transit, and which was in the possession of the President of the United States by and through the Director General of Railroads. The allegation that the possession was in the President by and through the Director General of Railroads must be read in the light of the act of Congress under which the President through the Director General of Railroads was in fact operating them, and thereby became in fact the carrier, in lawful possession of all property in transit in the railroad cars. Under the statute creating this offense, the question of the ownership of property, beyond that qualified ownership which is manifestly the possession which the carrier has while transporting the property, does not arise.

[3] It is urged there is serious error in the following charge to the jury:

"Your attention is directed to two defendants, one of whom is not shown to have stolen any of the property; yet if you further believe that his brother, if the evidence justifies you in believing that his brother stole the goods in question and they were stolen in the state of Illinois and in this district, in St. Clair county, that that defendant came across the river in his automobile or otherwise, and here received them in this district, and transported them back to Missouri, and there was found in the possession of them, then in that case you would be warranted in finding that such defendant was equally guilty with the man who had stolen them and secreted them here in this district."

This reference is to plaintiff in error and his convicted codefendant brother, Albert. As an abstract proposition this charge is erroneous, in that it tells the jury, if they believe that Albert stole the property in Illinois, and the defendant came to Illinois and took it to Missouri, he is equally guilty with Albert, omitting the element of Andrew's knowledge that the property was stolen.

The evidence in the record which connected Andrew with the crime was that of three men who called at his home in St. Louis, Mo. They testified they met Andrew there, told him Albert was under arrest, and asked him if there was railroad property in the house; that Andrew said there was, and that they searched the house and found in a cupboard there, and also in Albert's trunk, a very large amount of merchandise of different kinds, including a considerable number of pairs of Wayne knit hose, which on the trial were identified as being part of the alleged shipment stolen from the car; that,

on further questioning as to how the merchandise got there, Andrew stated to them that his brother Albert, who was working for the Wabash Railroad, would take the merchandise from the car at night in the East St. Louis freight yard and hide it in the adjacent weeds there, and that he (Andrew) would come over with his automobile, take it from its hiding place, and convey it in the machine to the house in Missouri in which the brothers lived, and wherein these men testified the property was found.

Just before this part of the charge complained of, the court charged the jury that for the possession in Missouri of any goods stolen from the cars in Illinois there could be no conviction in this district; and so it is plain that the jury must have found that Andrew Pounds was in possession of the property in the district. But the only possession by Andrew of the property in this district of which there was any evidence was the possession which was testified to by these three witnesses, and it thus necessarily follows that the jury must have believed the story of these witnesses. And if they believed these witnesses, they must have believed that Andrew told them the story to which they testified, with reference to the manner in which the goods came to be in the house of himself and brother in Missouri. There is no place in the story at which a jury could have drawn a line of cleavage between the proof of his having had possession of the property in Illinois and the proof of Andrew's knowledge that it was stolen. Although Andrew did not testify, yet if he had testified to the same facts which these witnesses say he related to them, no reasonable man could escape the conclusion that he knew the goods were stolen, nor that the jury which found him guilty of having possession of the goods in Illinois could have concluded otherwise than that he knew the goods were stolen. If the jury believed, as they must have believed, in order to convict, the evidence of these witnesses, they must, in the absence of any qualifying facts and circumstances, inevitably have concluded, not only that Andrew was in possession of the goods in Illinois, but that, when he came into possession of them he knew they had been stolen. The charge was not directed to the nature or the quality of the evidence, and while it omitted the element of knowledge as being essential to the crime, the fact of knowledge so clearly and unmistakably appears in the evidence, which the jury must have found to be credible in order to have returned a verdict of guilty under the fourth count, that we are constrained to conclude that from the entire record it appears that the erroneous charge worked no harm to plaintiff in error.

This conclusion is further impelled by consideration of the whole charge, in one part of which it is stated that the fourth count charges possession of the goods which defendant "knew at the time had been stolen." In another place it is charged that the law makes it a crime to have unlawfully and feloniously in possession such goods, "known by the possessor to have been stolen." From these references, and that part of the charge upon the subject of knowledge next referred to, it is not likely that the jury was misled into the belief that they might find this defendant guilty under the fourth count, unless

they found from the evidence that he knew that property which was in his possession in Illinois was stolen.

[4] Error is also alleged as to the following part of the charge:

"A party in possession of property, coming into such possession under circumstances that would lead a reasonable and prudent man to believe that such goods were stolen at the time he so received them, would justify you in the belief that he knew they were stolen."

As an abstract proposition of law this is not sustainable. The statute creating the offense prescribes as an element that the possessor of the property "knows" it to have been stolen, not that he may have reason to believe it to have been stolen. The test of the criminality of a defendant is not whether he has or has not acted as a reasonable and prudent person would act, but whether he knew that the property was stolen. The fact that he acquired possession under circumstances which a jury might believe would indicate to a reasonable and prudent man that the property was stolen would doubtless be an important element in determining whether or not a defendant did in fact have that knowledge. But it was not proper to charge the jury that this element alone would justify the conclusion that such knowledge was shown, unless from it the jury was satisfied that the defendant actually knew the property was stolen. It might have appeared to the jury that the defendant was not a reasonable or prudent person, or that in a given instance he acted unwisely, unreasonably, imprudently, or carelessly, but not with criminal intent. Under such circumstances he could not be convicted. This view is supported by state and federal authorities, some of which are Cohn v. People, 197 Ill. 482, 64 N. E. 306; State v. Goldman, 65 N. J. Law, 394, 47 Atl. 641; Young v. Commonwealth, 4 Ky. Law Rep. 55; Kasle v. United States, 233 Fed. 878, 147 C. C. A. 552 (6 C. C. A.); Peterson v. United States, 213 Fed. 920, 130 C. C. A. 398 (9 C. C. A.).

But there is the same situation as to this part of the charge as with that above discussed. The finding that plaintiff in error was in possession of the property in Illinois necessarily rests upon the evidence referred to, from which it likewise necessarily follows that he had knowledge that it was stolen; and, under the circumstances appearing, the error in this part of the charge did not work injury to plaintiff in error.

What has been said of the evidence disposes of the contention that the record discloses no basis for verdict or judgment against plaintiff in error.

The judgment is affirmed.