### CODY v. UNITED STATES. *
#### No. 7328.

Circuit Court of Appeals, Ninth Circuit.
Oct. 23, 1934.

*Rehearing denied Jan. 7, 1935.

Snively & Bounds, of Yakima, Wash., and Sherwood & Heiman, of Seattle, Wash., for appellant.

J. M. Simpson, U. S. Atty., and S. R. Clegg, Asst. U. S. Atty., both of Spokane, Wash.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment of conviction for conspiracy to violate both the National Prohibition Law and the Internal Revenue Laws of the United States.

Appellant, with others, was charged in an indictment with conspiring to violate the laws of the United States by combining and agreeing, "to manufacture, sell, transport, deliver and possess intoxicating liquor, meaning by the term intoxicating liquor, whenever the term is used in this indictment, liquor containing more than one-half of one per cent of alcohol by volume and fit for use for beverage purposes and intended for use in viola-

tion of the National Prohibition Act, the manufacture, sale, transportation, delivery and possession of which was and is prohibited and unlawful.

"To unlawfully carry on the business of distillers of spirits without having bond as required by law, and to make and ferment mash for distillation of spirits in a building other than a distillery duly authorized according to law, in violation of Sections 3281 and 3282, Revised Statutes of the United States."

Appellant heretofore moved for a reversal and abatement of the action upon the ground that the National Prohibition Act (27 USCA § 1 et seq.) had been repealed by the adoption of the Twenty-First Amendment to the Constitution. This motion was based on our decision in Green v. U. S., 67 F.(2d) 846, and the decision of the Supreme Court of the United States in U. S. v. Chambers, 291 U. S: 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. The motion was denied upon the ground that the indictment charged conspiracy to violate the Internal Revenue Laws as well as the National Prohibition Act. Appellant renews the motion for reversal, and contends that the effect of the Twenty-First Amendment to the Constitution was "to bring about an amendment to the indictment herein eliminating therefrom all averments charging violations respecting laws enacted to give force to the 18th amendment." Upon this basis, he contends that, "when repeal of the 18th amendment eliminated from the indictment allegations respecting the National Prohibition Act, that the indictment herein, being thus amended, became no indictment at all"—citing In re Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849. There is nothing in the proposition advanced. At the time of the trial and conviction and sentence of the appellant, the indictment stated an offense under the laws of the United States. He can only escape punishment on the theory that the offense for which he is to be punished is no longer a crime and that it ceased to be a crime before the judgment against him became final. The conspiracy was to violate the revenue laws of the United States, which is still a crime and punishable as such.

The appellant contends that the evidence is insufficient to sustain his conviction and that the court should have granted his motion for an instructed verdict of acquittal. The evidence clearly showed a conspiracy to operate a still in violation of the laws of the United States. The still was actually operated and was capable of manufacturing several hundred gallons of alcohol per day. The question raised by the appellant is as to the sufficiency of the evidence to connect him with the conspiracy. The evidence shows that one of the defendants, Vito Luppino, was arrested in Tacoma, Wash., on January 16, 1932, while transporting 150 gallons of alcohol in 5-gallon cans in a Ford Tudor sedan automobile. The car in question had been purchased in April, 1930, by the appellant, John F. Cody, and was owned by him at the time of the seizure. The automobile had been altered by putting an extra leaf or two in the spring so that it could carry a heavy load, entirely removing the back seat to the bottom of the body and placing a heavy felt mat in the bottom of the car. The car at the time of the seizure was still in the condition to which it had been altered, and was evidently altered to adapt it to the purpose for which it was used by Vito Luppino. The appellant, at the time of the purchase of the automobile, used the name of Orin Wright, and the car was still registered in that name at the time of the seizure. Shortly after the purchase of the car, the appellant informed Orin Wright, an ex-convict, that he had registered the car in his name, omitting therefrom the letter "r." The reason he gave Wright for putting the car in his name was to protect himself because he owed so much, and he knew the car would be safe in Wright's name. Immediately after the seizure of the car, appellant notified Wright that it had been seized in Tacoma with 150 gallons of alcohol in it, and requested Wright that, in case the prohibition officers came to see him, and asked him anything about it, to tell them that he knew nothing about it and to say nothing. Wright replied that he was going to protect himself, to which appellant replied, "I will see you in a few days." Later appellant visited Wright from time to time, and they talked about the case, and, when Wright protested that he did not want to get into any trouble over that, appellant stated, "Well, in case there is, you know I will protect you." Later, when Wright was arrested, he reported that fact to appellant, and appellant replied, "Well, whatever it is, you know I will fix it up." Wright had nothing to do with the purchase of the car and knew nothing of it until so informed by appellant.

At the time of the seizure of the car and the arrest of defendant, Vito Luppino, the officers took from his person a receipted invoice covering a purchase by one "Joe Blow" of 480 square five-gallon cans with 1¾ inch screw caps from the American Can Company

of Portland, Or. When the officers raided the still in Yakima, Wash., they found two or three hundred square five gallon cans with 1¾ inch screw caps similar to the ones that were delivered under the above-mentioned in-voice. The 150 gallons of alcohol found in the car at the time it was seized were contained in 5-gallon cans of the same description, and packed between the cans were newspapers, some of which were Yakima papers, and sugar sacks with the identical stencil markings as were on sugar sacks found at the still in Yakima. There is also other evidence that the automobile had just been driven from Yakima at the time it was seized. Appellant's residence was also searched, and in the basement of the premises were found a number of five-gallon cans of the same description as those found at the still in Yakima and those filled with alcohol in appellant's automobile at the time it was seized. There is also evidence that sales slip for meat made out to "J. Cody" was found in the pantry of the house on the ranch where the still was located.

■ The evidence thus justified the conclusion of the jury that appellant's automobile had been altered for the express purpose of transporting liquor from the still in question to the market and was being so used. It is true that one of the defendants testified that he purchased the automobile from the defendant Cody, but the jury evidently disbelieved this statement, and, in view of the conduct of Cody in connection with the machine after it had been seized, they were fully justified in so doing. The evidence shows conclusively that there was a conspiracy and is amply sufficient to connect appellant with it.

■■ The appellant also claims that the indictment failed to state a crime, and that the overruling of the demurrer thereto was erroneous. The point made is that the indictment alleges that the alcohol to be manufactured, sold, transported, etc., "was fit for use for beverage purposes and intended for use in violation of the National Prohibition Act." Appellant relies upon the case of Middlebrooks v. U. S., 23 F.(2d) 244, and Blaine v. U. S., 29 F.(2d) 651, both decided by the Circuit Court of Appeals for the Fifth Circuit. Our decisions are not in accord with these decisions of the Fifth Circuit. Gibson v. U. S. (C. C. A.) 31 F.(2d) 19. See also Carnahan v. U. S. (C. C. A.) 35 F.(2d) 96, 99, 67 A. L. R. 1035. However, the matter is immaterial because of the fact that the allegation in question relates to the conspiracy to violate the National Prohibition Act. The conspiracy to violate the Revenue Act is sufficiently alleged

in the indictment. Rev. St. §§ 3281, 3282, 26 USCA §§ 306, 307.

■ There is no merit in the contention of the appellant that his motion for the dismissal of the action should have been granted upon the opening statement of the United States attorney. The case of U. S. v. Dietrich (C. C.) 126 F. 676, does not sustain the appellant's contention. A sufficient answer to the contention is that there was sufficient evidence submitted to the jury to support the judgment.

■ Appellant contends that the trial court erred in admitting in evidence Exhibit No. 17, a sales slip for meat found in the pantry of the house used by the operators of the distillery. The name of "J. Cody" was on the slip as the purchaser. There are several reasons why this point cannot be considered. In the first place, the contents of the bill were stated by a witness without objection. The witness, without objection, stated "plaintiff's identification No. 17 is a bill found at the house where the distillery was, in a pantry near a sack of rice. It is in the name of J. Cody." Subsequently, when the exhibit thus described was offered in evidence, it was objected to on the ground that it was immaterial, incompetent, and irrelevant. The objection was overruled, and no exception taken. The assignment of error upon which the appellant relies in presenting this matter is not a sufficient assignment. It does not contain the objection nor the ruling of the court upon the objection. Meehan v. United States (C. C. A.) 70 F.(2d) 857. The admissibility of the slip depended upon the testimony connecting the appellant with the purchase and delivery of the meat to the premises where the slip was found. The opening statement of the United States attorney indicated that such proof would be forthcoming. Appellant did not object to the introduction of the evidence on the ground that the proper foundation had not been laid, nor did he move to strike out the evidence because of the failure to connect the slip with the defendant.

■ Appellant objects that the jury were allowed to take the indictment with them into the jury room, particularly on the ground that it contained an allegation of certain overt acts which were not proved by the evidence and which had been withdrawn from the consideration of the jury by the court in its instructions. In instructing the jury, the court adopted the plan of withdrawing from its consideration certain overt acts which were marked on the face of the indictment for the

purpose of identification, and instructing the jury that these items had been eliminated from its consideration. The jury was also instructed that these allegations were not evidence against the defendants, but merely a formal charge advising them in advance of what they are called upon to meet. The jury, of course, is supposed to know the contents of the indictment. It is the pleading upon which the government relies and to which its evidence is limited. No objection was made to the method of instructing the jury adopted by the court, and there was no error in the method used by the trial judge in informing the jury of the matters upon which they were to pass.

 After the jury had been impaneled for the trial of this case, and several witnesses on behalf of the government had been examined, a motion was made to quash the indictment on the ground that some of the evidence submitted to the grand jury had been obtained by the unlawful search of the premises of S. Rasmussen under a void search warrant. The court denied the motion on the ground that it was made too late. This was not error.

 Assignments of error numbered 13, 14, and 15 concerning the admissibility of testimony do not conform to our rule, and for that reason will not be considered. C. C. A. 9, Rule 11.

Judgment affirmed.