# GOLDSTEIN v. UNITED STATES.*
## No. 7471.

Circuit Court of Appeals, Ninth Circuit.
Nov. 26, 1934.

*Rehearing denied Jan. 7, 1935.

Clifford A. Russell and A. M. Mull, Jr., both of Sacramento, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was convicted upon counts I and III of an indictment containing five counts. The first count charged appellant with having purchased and received, on or about the 21st day of November, 1932, seventy-two nightgowns from one Arthur Reid, knowing that the same had been stolen; that said nightgowns at the time of the theft constituted a part of an interstate shipment in transit over the lines of the Erie Railroad Company from New York City, N. Y., to Sacramento, Cal., and were then and there in possession of the Southern Pacific Lines, a corporation, and a common carrier; that these goods were taken from car TNO 53688. The third count charged a similar offense as having been committed on the 24th day of November, 1932, in purchasing and receiving a case of men's hosiery, stolen from freight car TNO 38135 of the Southern Pacific Lines. The appellant was sentenced to five years' imprisonment in a United States penitentiary. The sentence does not exceed the penalty which could properly be imposed upon either count (18 USCA § 409). The government contends that the verdict and sentence were properly imposed upon the first count, and that it is immaterial whether or not the conviction upon the third count can be sustained. Consequently, the argument is largely confined to the questions raised with reference to the conviction upon the first count, although the government asserts that the evidence is amply sufficient to sustain the conviction upon both counts.

The articles described in the indictment were found in a trunk and two suitcases which had been deposited by the appellant with third parties for the purpose of concealment. The appellant, upon being confronted with the stolen articles thus secreted by him, confessed that he had purchased them from a man named Reid, nicknamed "The Baboon"; that at the time he purchased them he knew the goods were stolen from a box car, and that he purchased the goods between 7 and 7:30 p. m. at his store and made no entry of them in his books. To establish that the property stolen was being transport-ed in interstate commerce and to corroborate the confession of the appellant, evidence was introduced to show that Weinstock-Lubin & Co. of Sacramento, Cal., had ordered ten dozen plisse crepe nightgowns on November 3, 1932, from Joe E. Morse Company of New York to be shipped from New York City, N. Y.; that a carton, No. 11,874, marked "1 Cart. Cot. Und.," weighing 70 pounds, was shipped from New York via the Erie Railroad November 10, 1932, consigned to Weinstock-Lubin & Co. of Sacramento, Cal., from Joe E. Morse Company; that the nightgowns were never received by the consignee; that the nightgowns found in the possession of the appellant were of the type ordered by Weinstock-Lubin & Co. from the Los Angeles agent of the New York concern; that these goods were shipped from New York accompanied by a waybill which was introduced in evidence and was prima facie evidence that these goods were moving in interstate commerce from New York to Sacramento, Cal. (18 USCA § 411); and that car TNO 53688 contained the above-mentioned carton. The transfer clerk of the Southern Pacific Company testified that on November 19, 1932, the Stockton Transfer Company transferred a shipment from the Santa Fé Railroad, including the above-described carton No. 11,874, which was loaded into car TNO 53688, and that the above-mentioned waybill therefor accompanied the carton. The contents of the car on November 20, 1932, was inspected and sealed at Brighton, Cal., where the carton was still intact. The car was set out at Elvas, a few miles from Sacramento; on that date at a later hour the car arrived at Sacramento. Its seal was found to be broken; it was resealed without checking and on the morning of November 21, 1932, the contents were checked against the waybill and the carton was found to have been broken open and was empty. On November 20, 1930, merchandise which had been stolen from a freight car was found scattered along the right of way of the Southern Pacific Railroad in the vicinity of Elvas, Cal. A witness named York testified that on November 20, 1932, he drove Reid, who later sold the stolen goods to the appellant, to Elvas, Cal., where Reid got a large carton and some bundles and placed them in the automobile, and that these articles were brought to the vicinity of Sacramento where they were concealed in bushes near the road. Another witness testified that on the 20th he saw two men (York and Reid) in a Chrysler automobile carry some packages to the automobile near Elvas, Cal., from

the vicinity of the railroad tracks. Another witness who worked for appellant testified that on November 20, 1932, Reid came into the appellant's store with a bundle wrapped in canvas which he left there, and another witness testified that he checked the trunk containing the stolen goods at the Acme Storage Company, Fourth and I streets in Sacramento, in a name other than that of appellant, at the appellant's request.

Appellant moved for a directed verdict which was granted as to counts II, IV, and V and denied as to counts I and III. He assigns as error the denial of his motion as to counts I and III. It is argued that the evidence was insufficient to justify the submission of the case to the jury, for the reason that it is not shown that the offense occurred within the Northern Division of the Northern District of California. The proof tended to show that the goods were stolen at Elvas, Cal., and received by the appellant at Sacramento, Cal., both within the Northern Division of the Northern District of California. It is also contended that the evidence is insufficient to show that the goods stolen were being transported in interstate commerce. The waybill and receipt showed that the goods therein described were received by the Erie Railroad Company in New York and were being transported in interstate commerce. 18 USCA § 411, supra. The evidence was sufficient to submit to the jury the question of whether or not the stolen nightgowns were shipped from New York to Weinstock-Lubin & Co. in paper carton No. 11,874. The jury were justified in finding that the stolen goods purchased by the appellant were taken from the possession of the Southern Pacific Railroad while they were being transported in interstate commerce.

There are a number of assignments of error with relation to admission of evidence. None of these assignments 7, 8, 16, 17, 18, 19, 20, or 21 comply with rule 11 of this court. The assignment of error must not only quote "the full substance of the evidence admitted or rejected," but it must also state the error asserted and intended to be urged. This requires that the objection and ruling of the court upon the objection and the exception to the ruling be incorporated in the assignment of error. Meehan v. United States (Frey v. United States) (C. C. A.) 70 F.(2d) 857, and Cody v. U. S., 73 F.(2d) 180, filed October 23, 1934.

The appellant assigns as error the giving of certain instructions to the jury. These assignments, of course, must be predicated upon the exceptions that were taken by the defendant before the jury retired for deliberation. We, therefore, refer directly to these exceptions. The first exception to the instructions (Exhibit No. 16) is as follows:

"The instruction which your Honor started 'You are further instructed there are four elements of this charge against the defendant' on the ground that that doesn't state the law in that it doesn't state the defendant must know the goods were stolen from the box car, from a box car. I think the definition is this: He doesn't have to know it came as a part of the interstate shipment but he does have to know it came in a box car as a part of the * * *

"The Court: Interposing: No, I think not."

The instruction of the court was: "It is of the essence of the crime charged against the defendant that the defendant knew at the time he bought or received or took possession of the goods that the goods were stolen. It is immaterial whether the defendant knew that the property was stolen from an interstate shipment."

Appellant does not argue the ground of objection made at the time he reserved his exception, but advances an entirely different and distinct ground of objection which was not stated to the court as his ground of objection to the instruction at the time the exception was reserved. The correctness of this instruction as to the matters now urged is therefore not properly before us. The ground of the exception actually taken is not tenable, and, even if it were, is waived because not presented to us.

The second exception to the instructions (exception No. 17) is as follows: "We make the same exception to the instruction which begins, 'You are further instructed that it is incumbent upon the government to prove all the facts constituting the offense charged beyond a reasonable doubt.' I don't think it is necessary for me to read the entire instruction." No ground of objection to the instruction is stated and the exception is therefore insufficient. First Nat. Pictures v. Robison (C. C. A.) 72 F.(2d) 37; Baldwin v. United States, 72 F.(2d) 810, filed August 31, 1934.

The third exception (exception No. 18) is for the same reason insufficient. As these exceptions are insufficient the assignments based thereon need not be considered.

The court instructed the jury: "If you should find for or against the defendant on the two remaining counts, the first and third

counts of the indictment—the others have been dismissed—you have a right to know that in a case of this kind where the two counts springing from the one transaction, that if you should find the defendant guilty on both counts that the court, of course, in imposing judgment will take that fact into consideration. In other words,—Well I think that is sufficient." In regard to this instruction the following occurred at the time the appellant reserved his exceptions to the instructions:

"Except also to your Honor's last oral instruction in which your Honor stated and advised the jury if they find that the defendant is guilty on both counts you would only sentence him on one, we object to that feeling that possibly it is an attempt of the court to tell the jury that if there is any question they should compromise the matter.

"The Court: No, I don't so intend. I don't by any means so intend. This indictment might have stood upon these five counts, with these five counts, and you might have gone out and found him guilty on all five. Now, each one of those offenses springs from one transaction. It would be manifestly unfair that the court should punish for each of those offenses. For example, I don't mind saying to you—most judges don't—they withhold from the jury the penalty that may be imposed. The penalty here may be up to the extent of ten years and/or a fine of five thousand dollars or anything less than ten years or five thousand dollars. If you convicted him on four counts charging the substantive theft I think it would be manifestly unfair for the court to punish him for each of those, consider each of the counts in the indictment as a separate and distinct offense.

"Exception No. 20. Mr. Russell: I may have my exception to that instruction and also the one just given by your Honor, may I?

"The Court: Yes."

Appellant, in support of this exception contends that the court thereby intimated to the jury "that the defendant is guilty on all the charges and I hope that you will find him guilty on all the charges, but in case you do I will only sentence him on one, since the prosecution has proved that he is guilty on all charges, and since they all arise out of the same transaction. The jury has nothing to do with the punishment and no instruction in regard thereto should be given to the jury, especially one of the type given by the court in this case. It was wholly prejudicial to the cause of the defendant."

The objection stated to the court at the time the instruction was given is entirely different from that now presented. It was then suggested that the effect of the instruction was to tell the jury that, if there was any question, they should compromise the matter. It is now urged that the court told the jury that the defendant was guilty on both counts.

The jury were fully instructed as to their duty to acquit the defendant unless he was proved to be guilty beyond a reasonable doubt, that the burden of proof was upon the government, that they were the exclusive judges as to the credibility of the witnesses. We do not see that either of the objections taken to the instruction were tenable. They were neither instructed to compromise in case of doubt on the one hand, nor to find the defendants guilty on the other. While we think it better practice to refrain from informing the jury as to the possible consequences of their verdict and particularly desirable not to indicate to the jury in advance what the court would do in the event of conviction, we see no error in the statement of the court to the jury in the case at bar. See People v. Jackson, 57 Cal. 316; People v. Dice, 120 Cal. 189, 52 P. 477; People v. Griffith, 146 Cal. 339, 80 P. 68. It is proper for a court in sentencing a prisoner who has been convicted of a number of offenses which in fact constitute separate parts of a single transaction, each punishable by law, to take into consideration the fact that there is but one entire transaction. Inasmuch as the sentence by the court was less than the maximum provided for a single offense, we cannot see how the appellant was prejudiced by the instruction to the jury, and counsel has been unable to point out any reason which appeals to us for holding that the jury were influenced by the instruction to his prejudice. See Sparks v. U. S. (C. C. A.) 241 F. 777; Claassen v. U. S., 142 U. S. 140, 12 S. Ct. 169, 35 L. Ed. 966; Bennett v. U. S. (C. C. A.) 194 F. 630, 633.

While we have declined to consider the assignments of error with relation to the admissibility of evidence for the reason that the assignments do not conform to our rule, we add that we do not see how the appellant was prejudiced by any of these rulings even if it be conceded that some of them were erroneous, a point which we do not decide.

The appellant also assigned as error the ruling of the trial court in denying his motion for a new trial. This ruling is not reviewable on appeal. Oras v. U. S. (C. C. A.) 67 F.(2d) 463; Fairmount Glass Works

v. Coal Co., 287 U. S. 474, 481, 53 S. Ct. 252, 77 L. Ed. 439.

Appellant also moved to arrest judgment after conviction upon the ground that the verdict on the first count was contrary to law, in that there is no proof that the defendant knowingly received 72 nightgowns, knowing the same to have been stolen from a box car used in interstate shipment. A similar ground was stated in his motion as to the third count. A failure of proof is not a proper basis for motion in arrest of judgment, which at common law only reaches defects apparent on the face of the record, and no others. 2 Bishop's New Crim. Proc. (2d Ed.) § 1285. Neither of the grounds for the motion in arrest of judgment are now urged by appellant, but he does contend in support of the assignment of error in the denial of the motion in arrest of judgment that count I of the indictment does not state facts sufficient to constitute an offense against the United States. The points made in support of this contention are that "count I of the indictment is insufficient in not giving the name of the consignee or consignor of the 72 nightgowns, this being a material allegation of the indictment. * * * The ownership of the nightgowns was not alleged in the indictment. * * * The indictment charged the appellant with having purchased and received goods stolen from a freight car without designating the freight car to be a railroad car or a vehicle or having anything to do with a railroad. The statute does not mention in any place 'freight car' and to sustain a conviction it is necessary that the indictment should charge and the evidence establish that the goods were stolen from some one of the particular places mentioned in the statute."

If the complaint does not allege the commission of a crime cognizable in the federal courts, that question may be raised for the first time in the appellate court, and we therefore consider the matter urged, notwithstanding the fact that it does not arise upon appellant's motion in arrest of judgment which was based upon other grounds. Sonnenberg v. U. S. (C. C. A.) 264 F. 327; Connley v. U. S. (C. C. A. 9) 46 F.(2d) 53; Johnson v. U. S. (C. C. A. 9) 59 F.(2d) 42.

As to the first point it is alleged in the indictment that at the time of the theft these goods were in possession of the Southern Pacific Lines, a corporation. This was sufficient. Pounds v. U. S. (C. C. A.) 265 F. 242; Nudelman v. U. S. (C. C. A.) 264 F. 942.

As to the claim that the indictment failed to allege that the theft was from a railroad car, it is alleged that the goods were stolen from a freight car. A freight car is a railroad car. Standard Dictionary; Webster's New International Dictionary, 1926.

The objection that each count of the indictment was duplicitous because it alleged both a purchasing and a receiving of stolen goods was not presented to the trial court and cannot properly be considered by us for that reason. But see, Connors v. U. S., 158 U. S. 408, 411, 15 S. Ct. 951, 39 L. Ed. 1033; Rev. St. § 1025, 18 USCA § 556.

Judgment affirmed.